# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:17-cv-00522-LJO-SAB |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PETITION TO ENFORCE IRS SUMMONS BE GRANTED |
| v. | |
| RICHARD BERNAL, | (ECF No. 1) |
| Respondent. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Petitioner United States of America's petition to enforce an Internal Revenue Service ("IRS") summons, which was filed on April 12, 2017. (ECF No. 1.) For the reasons set forth below, the Court recommends that Petitioner's petition to enforce the IRS summons be granted. The Court held a hearing on June 21, 2017. Petitioner's counsel Bobbie Montoya and Internal Revenue Service ("IRS") Revenue Officer Lisa R. Lopez (formerly Lisa R. Cumiford) ("Revenue Officer Lopez") appeared. Respondent did not appear.

## I.

## BACKGROUND

The petition alleges that Revenue Officer Lopez is conducting an investigation of Respondent Richard Bernal ("Respondent") concerning the collection information for federal income tax (form 1040) for years ending December 31, 2007, December 31, 2008, and

December 31, 2009. On September 12, 2016, Revenue Officer Lopez issued an IRS summons directing Respondent to testify and produce certain documents related to the investigation on October 14, 2016, at the IRS's office in Fresno, California. On September 29, 2016, Revenue Officer Lopez left an attested copy of the summons at the last and usual place of abode for Respondent, 15807 W E Street, Kerman California 93630 by handing it to his daughter, Ericka Bernal, who is over the age of 18. Respondent did not appear on October 14, 2016, or otherwise respond to the summons.

On April 12, 2017, the instant petition was filed to enforce the IRS summons. On April 17, 2017, an order issued requiring Respondent to show cause why he should not be compelled to obey the IRS summons issued on September 12, 2016. On May 11, 2017, a certificate of service was filed showing that Respondent was served on May 11, 2017, by leaving a copy at the last and usual place of abode for Respondent by handing it to his daughter, Jennifer Donovan, who is over the age of 16 and resides there. Respondent has not responded to the April 17, 2017 order.

## II.

## LEGAL STANDARDS

Pursuant to 26 U.S.C. § 7602, the IRS has the authority to issue summonses to investigate tax returns, tax liabilities, and the collection of any tax liabilities. Enforcement of IRS summonses is governed by 26 U.S.C. § 7604, which states, in pertinent part:

> Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

26 U.S.C. 7604(b). Jurisdiction of this Court to enforce summonses is provided under 26 U.S.C. § 7402(b).

In issuing an IRS summons:

> ...the [government] need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed....

U.S. v. Powell, 379 U.S. 48, 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." U.S. v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993) (citing U.S. v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); Liberty Financial Servs. v. U.S., 778 F.2d 1390, 1392 (9th Cir. 1985)). "Once the prima facie case is made, a 'heavy' burden falls upon the taxpayer to show an abuse of process ... or lack of institutional good faith." Id. "The burden [on the government] is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" Crystal v. U.S., 172 F.3d 1141, 1144 (9th Cir. 1999) (quoting Liberty Fin. Servs., 778 F.2d at 1392).

### III.

### DISCUSSION

In this instance, Revenue Officer Lopez has submitted a declaration stating that the purpose of the investigation is for collection information for federal income tax for the years ending in December 2007, December 2008, and December 2009. The material sought is not already in the possession of the IRS and is necessary to secure collection information for federal income tax for the years ending in December 2007, December 2008, and December 2009.

Revenue Officer Lopez stated that she was authorized to issue the summons and all the requisite administrative steps required by the Internal Revenue Code for issuance of the summons have been taken. Petitioner has met its burden of meeting the Powell requirements and the Court finds that the IRS summons was issued for the legitimate purpose of investigating the collection of Respondent's tax liabilities.

As Respondent has not challenged the issuance of the summons, he has not met his burden to show an abuse of process or a lack of institutional good faith. Dynavac, Inc., 6 F.3d at

1414. Accordingly, the Court recommends that the petition to enforce the IRS summons be granted.

## IV.

## RECOMMENDATIONS

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1. Petitioner's petition to enforce the IRS summons be GRANTED; and
2. The United States is directed to promptly serve a copy of these findings and recommendations on Respondent and to file a proof of service with the Court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of these findings and recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 21, 2017**

UNITED STATES MAGISTRATE JUDGE